**Richard D. CRAWFORD, Appellant**

v.

**XTO ENERGY, INC., Appellee**

**No. 07–14–00062–CV**

Court of Appeals of Texas, Amarillo.

January 7, 2015

Joe L. Lovell, Brian W. Farabough, Lovell, Lovell, Newsom & Isern, LLP, Amarillo, for Appellant.

Jamie Lavergne Bryan, Jeffrey C. King, David F. Johnson, Christopher A. Brown, WINSTEAD P.C., Fort Worth, for Appellee.

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

## OPINION

Mackey K. Hancock Justice

Appellant, Richard Crawford (Crawford), appeals the order of the trial court dismissing his claims against XTO Energy, Inc. (XTO), without prejudice. Crawford contends that the trial court abused its discretion by dismissing his causes of action. We will affirm.

### Factual and Procedural Background

The case before the Court involves the question of whether the trial court abused its discretion when it abated Crawford's suit against XTO and ordered the joinder of owners of 44 adjacent tracts to the lawsuit. Crawford did not join the adjacent tract owners and, pursuant to a motion filed by XTO, the trial court dismissed Crawford's causes of action without prejudice.

The underlying facts of this controversy are not contested. Mary Ruth Crawford, Crawford's predecessor-in-title, owned the fee simple title to the entire 8.235 acres of land at issue in this case. In 1964, she conveyed the surface of the property to Texas Electric Service Company for the construction of an electric transmission line. She did, however, reserve the oil, gas, and minerals under the tract. Subsequently, in 1984, Mary Ruth Crawford conveyed fee simple title to the adjacent lands to the north and south of the subject property. This conveyance did not reserve the minerals under the property conveyed. Neither did it refer to any reservation of the minerals under the disputed property.

In March 2007, Mary Ruth Crawford, as lessor, executed an oil and gas lease with Hollis R. Sullivan, Inc. XTO is the successor-in-interest to Hollis R. Sullivan, Inc. This lease covered the subject 8.235 acre tract. XTO also secured oil and gas leases from the owners of the adjacent properties. These properties were conveyed by Mary Ruth Crawford in 1984. The oil and gas lease on the 8.235 acre tract contained a pooling provision and, pursuant to that provision, XTO pooled the lease with other properties and leases to form the Eden Southwest Unit.

On November 30, 2007, Mary Ruth Crawford died, leaving her estate to her son Richard D. Crawford, appellant herein. Crawford subsequently ratified the lease on the subject property.

The Eden Southwest Unit 1H well was completed on June 14, 2009. The well was connected to a gathering system and began production in August of 2010. Crawford executed a division order and returned it to XTO. However, XTO subsequently obtained a title opinion regarding the subject property that opined that, pursuant to the strip and gore doctrine, the royalties from the Eden Southwest Unit 1H well should be paid to adjacent landowners.

Thereafter, Crawford filed suit alleging causes of action for breach of the lease agreement, to remove the cloud on Crawford's title, for conversion damages, and for declaratory relief regarding the rights and obligations of the parties to the lease. Subsequently, XTO filed a motion to abate and compel joinder of the adjacent landowners. The trial court granted the motion to abate and entered an order of abatement and to compel joinder of the

owners of the 44 adjacent tracts. Crawford failed to join the adjacent landowners and, eventually, the trial court entered the complained of order to dismiss Crawford's causes of actions and any counterclaims without prejudice. It is from this order that Crawford appeals.

Via a single issue, Crawford contends that the trial court abused its discretion by ordering the joinder of the adjacent landowners and, after Crawford failed to effectuate this joinder, dismissing his causes of action and counterclaims. Disagreeing with Crawford, we will affirm the trial court's order.

Standard of Review and Applicable Law

■■■ As an appellate court, we review the trial court's decision regarding questions of joinder of parties for an abuse of discretion. *Kodiak Res., Inc. v. Smith*, 361 S.W.3d 246, 248 (Tex.App.—Beaumont 2012, no pet.) (citing *Longoria v. Exxon Mobil Corp.*, 255 S.W.3d 174, 180 (Tex. App.—San Antonio 2008, pet. denied)). A trial court abuses its discretion when it acts in an arbitrary manner without reference to any guiding rules or principles. *Id.* (citing *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241–42 (Tex. 1985)).

Texas Rule of Civil Procedure 39 governs questions of joinder. TEX. R. CIV. P. 39;[1] *Brooks v. Northglen Ass'n*, 141 S.W.3d 158, 162 (Tex.2004). Rule 39(a) mandates joinder of a person subject to service of process if:

(1) in his absence complete relief cannot be accorded among those already parties, or

(2) he claims an interest relating to the subject of the action and is so situat-

ed that the disposition of the action in his absence may

(i) as a practical matter impair or impede his ability to protect that interest or

(ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of his claimed interest.

Rule 39(a). The rule mandates joinder of persons whose interest would be affected by the judgment. *See Brooks,* 141 S.W.3d at 162.

Additionally, the Texas Declaratory Judgment Act also mandates joinder of persons whose interest would be affected by the judgment rendered. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 37.006(a) (West 2008).[2] Section 37.006(a) provides:

When declaratory relief is sought, all persons who have or claim any interest that would be affected by the declaration must be made parties. A declaration does not prejudice the rights of a person not a party to the proceeding.

§ 37.006(a). Crawford's live pleadings contain a request for a declaration of the rights of the parties to the lease.

## Analysis

*XTO's Allegations that Crawford Waived His Appeal*

■■■ Before we turn our attention to Crawford's issue on appeal, we must first address the contentions by XTO that Crawford has waived his appeal by failing to (1) bring forward an adequate record,

---

1. Further reference to the Texas Rules of Civil Procedure will be by reference to "Rule ____."

2. Further reference to Texas Civil Practice & Remedies Code will be by reference to "section ____" or " § ____."

and (2) challenge certain of the implied findings resulting in unassigned error.

We agree with Crawford that the record before this Court is sufficient to determine the issue presented. A review of the record reveals that all matters were presented by motions and affidavits. When there is no evidentiary hearing held and all matters have been filed with the clerk and only argument of counsel is considered by the trial court, a reporter's record is not required. *See Michiana Easy Livin' Country, Inc. v. Holten,* 168 S.W.3d 777, 782–83 (Tex.2005).

■ As to XTO's second contention that Crawford waived the appeal by failing to challenge the implied findings of fact, we disagree. Our view of Crawford's issue supports his challenge of all of the implied findings. Specifically, we refer to XTO's allegation that Crawford did not challenge implied findings of fact regarding the adjacent landowners' and the effect a disposition would have on those landowners' rights. First, we are directed to liberally construe Crawford's brief. *See* Tex. R. App. P. 38.9. Second, a statement regarding an issue will be treated as covering every subsidiary question that is fairly included. *See* Tex. R. App. P. 38.1(f). The alleged implied findings that XTO says Crawford failed to challenge may be fairly characterized as subsidiary questions to the overall issue raised by the appeal. *See id.*

Accordingly, we decline XTO's invitation to summarily affirm the trial court's order without further analysis. XTO's issues to the contrary are overruled.

*Joinder of Adjacent Landowners*

■ We begin with the observation that the record is unchallenged about two salient facts. First, XTO is currently paying the royalties from the subject tract to the adjacent landowners who were not joined

as parties to this suit. Second, XTO has leases with all of the non-joined adjacent landowners. Therefore, the inescapable conclusion is that either the non-joined adjacent landowners will not be bound by the trial court's ultimate decision on the declaratory judgment portion of Crawford's suit, *see* § 37.006(a) (a declaration does not prejudice the rights of a person not joined as a party), or the non-joined adjacent landowners could lose some of their royalty payments. In either scenario, a fact pattern is presented that would support the joinder of the adjacent landowners.

The non-joined adjacent landowners could, after judgment for Crawford, file their own suit. This, in turn, could lead to XTO being faced with otherwise inconsistent obligations as a result of Crawford's allegations. *See* Rule 39(a)(2); *Kodiak Res., Inc.,* 361 S.W.3d at 251–52. Likewise, we find that the claim of the adjacent landowners to the royalty payments currently being made would be affected by Crawford's declaratory judgment action. *See* § 37.006(a). Accordingly, the trial court did not act in an arbitrary manner without reference to any guiding rules or principles. *See Kodiak Res., Inc.,* 361 S.W.3d at 248. Therefore, the trial court did not abuse its discretion by ordering the joinder of the adjacent landowners. *Id.* Since Crawford refused to join the adjacent landowners, the trial court acted within its discretion by dismissing the lawsuit without prejudice. *See Longoria,* 255 S.W.3d at 184.

As a basis for contending that joinder was not permissible under Rule 39, Crawford contends that none of the adjacent landowners claimed an interest in the Crawford tract. A thorough reading of Crawford's brief leads to the conclusion that, by use of the term "claimed," Crawford means that none of these landowners

came to court to assert an interest. Whether or not this is true is not the controlling issue. The facts clearly demonstrate that the adjacent landowners are being paid royalties off of the tract at issue. Crawford has never contended otherwise. Therefore, it follows that these adjacent landowners have a pecuniary interest in the outcome of this litigation. "Rule 39, like the Declaratory Judgment Act, mandates joinder of persons whose interests would be affected by the judgment." *Brooks,* 141 S.W.3d at 162. Accordingly, we find that they have a claim for the purposes of Rule 39(a). *See* Rule 39(a).

Finally, Crawford contends that the trial court abused its discretion because the strip and gore doctrine does not apply. While it is true that XTO, in its title opinion, relied upon the strip and gore doctrine to allocate the royalties under the subject tract, the question of whether that doctrine should be applied to these facts is the ultimate question on the merits in this lawsuit. The first issue to be determined is whether there are parties who need to be joined. *See Kodiak Res., Inc.,* 361 S.W.3d at 251–52. To follow Crawford's theory is to require the case involving the rights of the adjacent landowners to be tried in their absence. This is contrary to the basic premise of joinder, which is to eliminate a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of his claimed interest. *See* Rule 39(a). Accordingly, Crawford's contention regarding the strip and gore doctrine is overruled.

### Conclusion

Having overruled Crawford's issue, the trial court's order is affirmed.

---

1. Due credit going to Pink Floyd's "Money."

Quinn, C.J., concurring.

Pirtle, J., dissenting.

Brian Quinn, Chief Justice, concurring.

I join in the majority opinion but wish to observe the following.

Crawford wants a piece of the pie which XTO says belongs to other people. If he is right, then XTO will have to slice pieces from the pie owned by those people and give them to Crawford. Human nature illustrates that when someone's piece of the pie is taken away, they complain; indeed, Crawford's suit itself is an example of this. So, it is more than reasonable to infer that those non-joined interest holders are going to turn to XTO and say "share it fairly but don't take a slice of my pie."[1] And, because they are not parties to the Crawford suit, they will not be bound by the judgment he may receive. So, where does that leave XTO when it opts to protect its share of the pie?

To avoid exposing the company to conflicting judgments, to promote judicial efficiency, and to make sure that all who say the pie is theirs have input in the slicing, the trial court directed Crawford to join everyone involved. Crawford is, after all, the one trying to slice away at what the others may own. The decision surely is a reasonable, non-arbitrary application of Texas Rule of Civil Procedure 39. The latter allows the trial court to order the joinder of parties who claim an interest relating to the subject of the pending action who are so situated that the disposition of the action may 1) impair their ability to protect it or 2) expose existing parties to incurring double, multiple or inconsistent obligations. TEX. R. CIV. P. 39(a). That rule certainly can be read by an experienced jurist to encompass the circumstances here. And, while it may

well be that the sliver of pie Crawford wants does not economically justify the effort and cost he will expend to get it, that alone does not make the trial court's decision wrong or unjust.

When applicable, Rule 39 obligates the trial court to consider the interests of all potential claimants, not just the plaintiff's. Our Supreme Court deemed the rule "mandatory" long ago. *Clear Lake City Water Auth. v. Clear Lake Util. Co.,* 549 S.W.2d 385, 389 (Tex.1977). "If the trial court determines an absent person falls within the provisions of the rule, the court has a duty to effect the person's joinder." *Longoria v. Exxon Mobil Corp.,* 255 S.W.3d 174, 180 (Tex.App.—San Antonio 2008, pet. denied) (involving a dismissal because of plaintiff's failure to join absent mineral interest owners); *accord, Brooks v. Northglen Ass'n,* 141 S.W.3d 158, 162 (Tex.2004) (reiterating that Rule 39 mandates joinder of persons whose interests would be affected by the judgment).

To the extent that equity may be available to temper application of the rule, its ameliorative effect arises when the absent persons cannot be joined. *See* Tex. R. Civ. P. 39(b) (stating that when a needed party cannot be joined, the court must then determine "whether in equity and good conscience the action should proceed among the parties before it, or should be dismissed...."); *Longoria v. Exxon Mobil Corp.,* 255 S.W.3d at 180 (stating the same). Here, the trial court was well within its discretion to conclude that Crawford failed to prove he could not join the absent pie claimants. Indeed, the evidence of record illustrates that they could be joined. So, "equity and good conscience" were unavailable to evade the mandate of Rule 39.

Patrick A. Pirtle, Justice, dissenting.

This case involves the construction of Rule 39(b) of the Texas Rules of Civil Procedure as it pertains to the equitable authority of a trial court to dismiss a lawsuit due to the absence of an "indispensable" party. In this breach of contract and declaratory judgment cause of action, the trial court determined that forty-four strangers to the contract at issue were indispensable, thereby ultimately resulting in the dismissal of Appellant's claims when he failed to join those persons. The majority affirms the decision of the trial court.

As a point of beginning, I agree with the majority that we must review a trial court's decision regarding the joinder of parties pursuant to Rule 39(a) under an abuse of discretion standard. *Kodiak Res. Inc. v. Smith,* 361 S.W.3d 246, 248 (Tex. App.—Beaumont 2012, no pet.). I further agree that when reviewing matters committed to the trial court's discretion, a court of appeals may not substitute its judgment for that of the trial court. *Bowie Memorial Hospital v. Wright,* 79 S.W.3d 48, 52 (Tex.2002). Therefore, while I might personally disagree with the trial court's decision that the additional parties were needed for a just adjudication under Rule 39(a), I acknowledge that the trial court did not abuse its discretion in ordering their joinder. Those concessions notwithstanding, where I part from the majority is in its implied determination that those parties were "indispensable" within the meaning of Rule 39(b) and the trial court did not abuse its discretion by dismissing Appellant's case for the failure to join those parties.[1] Because I believe the trial court abused its discretion by

---

1. Dismissal is a harsh remedy and courts should not dismiss an action unless "in equity and good conscience" the "absent person [is] regarded as indispensable." *See* Tex. R. Civ. P. 39(b).

unjustly placing the burden of joining those parties on Appellant, leading to the dismissal of his claims and thereby bringing about an unjust result, I respectfully dissent.

As the majority states, the underlying facts of this controversy are not contested. Prior to 1964, Mary Ruth Crawford owned fee simple title to the 8.235 acres of land at issue in this case. In 1964, she conveyed the surface of that property to Texas Electric Service Company, reserving unto herself 100 percent of the oil, gas and other minerals. In 2007, Ms. Crawford, leased those minerals to Hollis R. Sullivan, Inc., XTO's predecessor-in-interest. Subsequently, Ms. Crawford died, leaving her estate to her son, Richard D. Crawford, Appellant herein. Appellant subsequently ratified the assigned oil and gas lease on the disputed property.

At or about the same time XTO acquired its interest in the disputed property from Hollis R. Sullivan, Inc., it also secured oil and gas leases from adjacent property owners. The oil and gas lease on the disputed 8.235 acres contained a pooling provision, and pursuant to that provision, XTO pooled the Crawford lease with leases from the adjacent properties to form the Eden Southwest Unit. On June 14, 2009, the Eden Southwest Unit 1H well was completed. Once the well was connected to a gathering system and production began, XTO secured from Appellant a division order pertaining to that pooled unit.

Subsequent thereto, without any adverse claims having been asserted by the adjacent property owners, XTO decided to not pay Appellant the royalties from the disputed property and, instead, decided to pay those royalties to the adjacent property owners under the theory that they were the rightful owners pursuant to the property title concept of strips and gores. When Appellant filed suit asserting causes of action for breach of his lease agreement, conversion and declaratory relief to remove the cloud from his title, XTO filed a motion to compel joinder of the adjacent property owners. *See* TEX. R. CIV. P.39(a). The trial court then entered an order compelling the joinder of forty-four adjacent property owners. When Appellant did not join those parties, the trial court entered an order dismissing his causes of action. *See* TEX. R. CIV. P. 39(b).

It should be noted that none of the adjacent property owners have made any legal claim of ownership to the disputed property and there is no claim or dispute pending between Appellant and any of those property owners. The question concerning the application of the doctrine of strips and gores is one wholly created and caused by XTO and its conduct alone. Furthermore, there are no live claims pending which would prevent the trial court from rendering complete relief as between XTO and Appellant.

Rule 39 of the Texas Rules of Civil Procedure, governing the joinder of additional parties, is an equitable rule intended to shield parties from inconsistent judgments and obviate the necessity of multiple lawsuits. Here, contrary to the general rule that a party has no standing to argue the interest of someone other than itself, XTO is arguing the interest of the adjacent property owners. *See Torrington Co. v. Stutzman,* 46 S.W.3d 829, 843 (Tex.2000) (holding that Texas courts have long held that a party may not complain of matters that do not injuriously affect it or that merely affect the rights of others). By seeking to compel Appellant to add parties who are not indispensable to the claims being asserted, XTO is using the joinder rule as a sword rather than a shield. Compelling joinder under these circumstances acts to unjustly discourage Appellant from asserting his contractual claims

by promoting complex and expensive litigation while fostering claims that adjacent property owners are not even asserting. Insofar as the interests of the adjacent property owners are concerned, simple reasoning dictates that in moving for their joinder, XTO was either (1) engaging in a procedural maneuver with the objective of causing expense and inconvenience to its opponent or (2) sincerely advocating the interest of the adjacent property owners. If the motives were of the former class, the trial court should have denied the motion and entered necessary orders to discourage such gamesmanship. If the motivation was of the latter class, it follows that XTO could have contacted the adjacent property owners and encouraged them to intervene or it could have joined them itself in order to advocate the theory it claims to be applicable.[2]

Because the adjacent property owners are not indispensable to the claims being asserted by Appellant, before resorting to the harsh and inequitable remedy of dismissal, the trial court should have either denied the motion to join them as additional parties or it should have placed the burden of their joinder on the party asserting their interest. Because the trial court failed to do so, it abused its discretion by dismissing Appellant's claims for the failure to join those parties. Accordingly, I would reverse and remand with instructions that the trial court either proceed without the joinder of the adjacent property owners or that it order XTO to join the parties it deems necessary to its theory of the case.

---

**2.** Responsive to Chief Justice Quinn's *Concurring Opinion*, I would argue that it is XTO, not Appellant, who seeks to take away another party's property interest. With due credit to Lady Answerall from Jonathan Swift's political satire *Polite Conversation*, XTO cannot have its *pie* and eat it too.